

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Gerald C. Mann

~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Joe C. Gladney
Henderson, Texas

Dear Sir:

Opinion No. 0-4199
Re: Under the facts submitted
is the Criminal District
Attorney of Rusk County
also the County Attorney
of Rusk County? And other
related questions.

Your letter of February 24, 1943, requesting the
opinion of this department on the questions stated therein
reads in part as follows:

"By your Opinion No. 0-5001 approved Feb.
16, 1943, addressed to Honorable Coke R. Stevenson,
Governor of the State of Texas, you ruled Article
326q, Vernon's Revised Civil Statutes to be a
nullity.

"By your Opinion No. 0-5024 approved Dec.
22, 1942, addressed to Honorable Robt. M. Sikes,
Assistant County Attorney, Harrison County,
Marshall, Texas, you ruled Article 326k-11,
Vernon's Revised Civil Statutes to be void be-
cause same attempts to change the name of a
constitutional officer.

"In view of the Opinions above mentioned
the following questions arise and I respectfully
request your opinion upon the same:

"Question 1. Having been elected Criminal
District Attorney of Rusk County at the last

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

General Election under an Official Ballot des-
ignation of 'Criminal District Attorney, Rusk
County' and commissioned as such upon my mak-
ing an Official Bond in the amount of $5,000.00
payable to the Governor and subscribing to and
filing the Official Oath of Office, as I, per-
force of the provisions of Article 5, Section
21, of the Constitution of the State of Texas
and the provisions of Section 3 of S. B. No.
172, Chapter 369, Acts of 1931, 42nd. Leg.,
County Attorney of Rusk County, Texas?

"Question 2.  If, in your opinion, Question
1 is to be answered 'Yes', am I, as such County
Attorney of Rusk County, required to do and
perform all the duties of County and District
Attorney of the 4th Judicial District of Rusk
County, Texas?

"Question 3.  If, in your opinion, Question
1 is to be answered 'Yes', is it necessary that
the Commissioners' Court of Rusk County make any
orders concerning the office or my official
status to be placed in the minutes of their
Court?

"Question 4.  If, in your opinion, Question
1 is to be answered 'No', do I have any official
status?

" . . . ."

We have carefully considered your request in connec-
tion with our Opinions Nos. O-2981, O-5001 and O-5024 and the
authorities cited in such opinions.

We do not think that our Opinion No. O-5024 has any
application to the questions presented in your inquiry. As
stated in your letter, this department held in Opinion No.
O-5001 that Article 326q, Vernon's Annotated Civil Statutes
was a nullity.

Since Article 326q has been held invalid, it nec-
essarily follows that the office purportedly created, "Criminal

District Attorney," does not exist in those counties coming within the provisions of said article.

Section 21, Article 5, of the State Constitution provides for the offices of county attorney and district attorney. It expressly authorizes the Legislature to provide for the election of district attorneys in such districts as may be deemed necessary. Each of the offices provided for by this section of the Constitution is a "constitutional office." When the same section speaks of a "resident criminal district attorney," it is clear that it refers to a "district attorney" with special functions of powers and duties. Whether the criminal district attorney is attorney whose duty it is to serve a "criminal district court," or whether he is simply one who serves a "district court" of a district composed of a single county, it is here unnecessary to decide. In either case, the office created is a constitutional office, one expressly authorized by the Constitution to be created by the Legislature and such districts as may be deemed necessary. In Section 5a of Article 326q, the Legislature expressly disavowed the intention to create "any office of district attorney or any other constitutional office," the act of necessity cannot be construed to be an exercise of the Legislative power to create "a constitutional office."

It is further held in our Opinion O-5001 "that the Legislature does not have the power to create such statutory office is made abundantly clear in the decision of the courts of this State. Article 5, Section 21, of the Constitution, creates the office of county attorney, and vests in the county attorney the authority to represent the State in all cases in the district and inferior courts in his county. It is only when the Legislature exercises the authority conferred by that section of the Constitution to create the office of district attorney or criminal district attorney each of them constitutional offices that the office of county attorney may be abolished, or the powers and duties conferred by the Constitution upon the county attorneys abridged."

We do not think that it can be said that where a person runs for and is elected to the office of "criminal district attorney" under the provisions of Article 326q, that such person is now the county attorney after it was held that such statute was invalid.

In view of our opinions Nos. O-2981 and O-5001 and the authorities cited therein, it is our opinion that the person

who was elected "criminal district attorney" of Rusk County is not the county attorney of said county.

However, in view of the foregoing facts and our Opinion No. O-3158, it is our opinion that you are now a defacto county attorney. We enclose herewith a copy of said Opinion No. O-3158. What has been said above answers your first and fourth questions.

As we have answered your first and fourth questions in the manner above stated it becomes unnecessary to consider your second and third questions.

We thank you for the brief submitted with your request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:db:rt
Enclosure

APPROVED APRIL 16, 1943
(signed) Gerald C. Mann
Attorney General of Texas

Approved: Opinion Committed
By: B.W.B.,Chairman